GARY LINFOOT and wife,
MARI LYN LINFOOT,

   Plaintiffs,

v.

MD HELICOPTERS, INC.,
L-3 COMMUNICATIONS CORPORATION,
and KAMATICS CORPORATION,

   Defendants.

MC CC CV CT09 1041

Docket No. _____

**Jury Demand**

JUDGE ASSIGNED

___ HICKS

_____ GASAWAY

_____ JONES

## COMPLAINT

COME NOW the Plaintiffs and for cause of action against the Defendants state the following:

### PARTIES

1. The Plaintiffs are husband and wife and are residents and citizens of Clarksville, Tennessee, and were so at all material times herein.

2. At all times material herein, Defendant MD HELICOPTERS, INC. ("MD HELICOPTERS"), was an Arizona corporation with its principal place of business in the State of Arizona.

3. At all times material herein, Defendant L-3 COMMUNICATIONS CORPORATION ("L-3 COMMUNICATIONS") was a Delaware corporation with its principal place of business in the State of New York.

4. At all times material herein, Defendant KAMATICS CORPORATION ("KAMATICS") was a Connecticut corporation with its principal place of business in the State of New York.

### JURISDICTION

EXHIBIT

tabbies®

B

1

5.      The Jurisdiction of this Court is invoked pursuant to Tennessee Code Annotated §§ 16-10-101 and 20-2-214.

## FACTUAL BACKGROUND

6.      On or about May 31st, 2008, plaintiff GARY LINFOOT was a United States Army soldier, holding the rank of CW4, assigned to Ft. Campbell, Tennessee where he was a member of the 160th Special Operations Aviation Regiment (SOAR) unit and was deployed in Iraq, acting as pilot in command of an AH-6M helicopter, US Army tail number 23649 ("subject helicopter").

7.      On or about May 31st, 2008, at approximately 11:57 p.m. Arabic Standard Time (Baghdad, Iraq local time), plaintiff GARY LINFOOT was piloting the subject helicopter on a mission south of Baghdad, when the subject helicopter's main driveshaft failed which caused a instantaneous and complete loss of drive to the helicopter's rotors to descend crash into the ground in the vicinity of Baghdad ("subject accident").

8.      Defendants, and each of them, were engaged in the business of manufacturing, designing, assembling, inspecting, distributing, selling, leasing, servicing, maintaining, modifying,  and/or repairing the subject helicopter including, but not limited to, the main driveshaft and its component parts, pilot seat and its component parts, and equipment under or about the pilot's seat.

9.      Modifications to CW4 Linfoot's seat and the addition of avionics equipment under the seat by defendant L-3 COMMUNICATIONS compromised the crash worthiness of the helicopter and caused GARY LINFOOT to suffer worse injuries than he would have suffered otherwise.

10.      Defendants, and each of them, were engaged in the business of writing and/or approving instructions and warnings for the subject helicopter, its associated main driveshaft and components, its associated pilot's seat and components, and its associated equipment on or about the pilot's seat, including, but not limited to, their flight and operation manuals, maintenance manuals, maintenance and repair instructions, service bulletins, inspection schedules and service life schedules.

2

11.     Plaintiff GARY LINFOOT has suffered and continues to suffer severe and permanent bodily and emotional injuries and damages, including pain, suffering, fright, fear of impending death, loss of the enjoyment of life, medical expenses, loss of earning capacity and other damages.

12.     Plaintiff MARI LYN LINFOOT has been deprived of the services, society, advice, counsel, comfort, companionship, and consortium of her husband, GARY LINFOOT as a result of the bodily and emotional injuries he sustained in the subject accident.

## COUNT I – NEGLIENCE

13.     Plaintiffs restate the allegations of paragraphs 1 through 12 above.

14.     At all times material hereto, defendants MD HELICOPTERS, L-3 COMMUNICATIONS, and KAMATICS, and each of them, owed plaintiffs a duty to exercise reasonable care in the design, manufacture, assembly, inspection, testing, distribution, sale, servicing, maintenance, modification, overhaul and repair of the subject helicopter and its component parts, including its main driveshaft and components, the pilot's seat and component parts, and equipment under or about the pilot's seat.

15.     Defendants, and each of them, breached their duties to exercise reasonable care and the subject crash and resulting injuries were caused by defendants' negligence, including negligence by its officers, agents, employees and servants, of defendants, and each of them, in that they negligently manufactured, designed, assembled, inspected, tested, distributed, sold, serviced, maintained, modified, overhauled and repaired the subject helicopter and its component parts, including its main driveshaft and components, the pilot's seat and component parts, and equipment on or about the pilot's seat, and negligently developed operating, training, maintenance materials and/or procedures for the subject helicopter and its component parts, , including its main driveshaft and components, the pilot's seat and component parts, and equipment under or about the pilot's seat.

16.     The loss of power leading to the subject accident was caused by defendants' negligence in designing, developing, manufacturing, assembling, testing, servicing, inspecting, maintaining,

3

overhauling, repairing, renovating, modifying and/or remanufacturing the subject helicopter, including its main driveshaft and components, the pilot's seat and component parts, and equipment under or about the pilot's seat.

17.  As a direct and proximate result of the foregoing negligence of defendants MD HELICOPTERS, L-3 COMMUNICATIONS, and KAMATICS, and each of them, plaintiffs have suffered substantial damages, including those set forth more fully above, and in an amount not less than fifteen million dollars ($15,000,000.00) costs and such further relief as directed by this Court.

## COUNT II – VIOLATION OF TENNESSEE PRODUCTS LIABILITY ACT

18.  Plaintiffs restate the allegations of paragraphs 1 through 17 above.

19.  On or about May 31st, 2008, the subject helicopter and its component parts including its main driveshaft and components, the pilot's seat and components, and equipment under or about the pilot's seat were being operated and used for the purpose and in the manner for which they were designed, manufactured, assembled, tested, serviced, distributed and sold and intended to be used in a manner foreseeable to defendants MD HELICOPTERS, L-3 COMMUNICATIONS, and KAMATICS, and each of them.

20.  On or about May 31st, 2008, the subject helicopter and its component parts including its main driveshaft and components, the pilot's seat and components, and equipment under or about the pilot's seat, including accompanying written manuals, procedures, instructions and warnings, were defective, unreasonably dangerous, and unsafe by reason of defective design, manufacturing assembly, inspection, testing, sale, service, repair, overhaul and maintenance of the subject helicopter and its component parts including its main driveshaft and its components, the pilot's seat and components, and equipment under or about the pilot's seat, including its accompanying written manuals, procedures, instructions and warnings.

21.  On or about May 31st, 2008, defendants, and each of them, were required to design, manufacture, construct, prepare, assemble, test, service, warn, instruct, market, label, and/or sell the

4

subject helicopter and its component parts including its main driveshaft and components, the pilot's seat and component parts, and equipment under or about the pilot's seat, so pilots could safely operate the helicopter in all foreseeable phases of flight; however the subject helicopter and its component parts including its main driveshaft and components, the pilot's seat and component parts, and equipment under or about the pilot's seat, were not adequately designed, manufactured, constructed, prepared, assembled, tested, serviced, marketed, labeled, or contained the necessary warnings and/or instructions so as to prevent a total loss of power to the main driveshaft, prevent catastrophic damage to the main driveshaft coupling(s), prevent the full crashworthiness ability of the pilot seat, and/or prevent the safe, foreseeable operation of the subject helicopter, thus causing the subject helicopter to be unsafe, defective, and unreasonably dangerous.

22. The subject crash on or about May 31st, 2008 and resulting injuries, were caused by the aforementioned defective, unreasonably dangerous, and unsafe conditions of the subject helicopter and its component parts including its main driveshaft and components, the pilot's seat and components, and equipment under or about the pilot's seat, and accompanying warnings, instructions, and manuals.

23. As a direct and proximate result of the foregoing defective, unreasonably dangerous and unsafe conditions of the subject helicopter and its component parts including its main driveshaft and components, the pilot's seat and components, and equipment under or about the pilot's seat, and accompanying warnings, instructions, and manuals, defendants MD HELICOPTERS, L-3 COMMUNICATIONS, and KAMATICS, and each of them, caused plaintiffs to suffer substantial damages, including those set forth more fully above, and in an amount not less than fifteen million dollars ($15,000,000.00) costs, and such further relief as directed by this Court.

## COUNT III – BREACH OF WARRANTY

24. Plaintiffs restate the allegations of paragraphs 1 through 23 above.

5

25.     Prior to the subject accident on or about May 31st, 2008, defendants MD

HELICOPTERS, L-3 COMMUNICATIONS, and KAMATICS, and each of them, warranted and

represented that the subject helicopter and its component parts including its main driveshaft and

components, the pilot's seat and component parts, and equipment under or about the pilot's seat, and

accompanying warnings, instructions, and manuals, were airworthy, of merchantable quality, fit and

safe for the purposes for which they were designed, manufactured, assembled, sold, installed, tested,

maintained, and repaired, and were free from all defects.

26.     Defendants, and each of them, breached said warranties in that the subject helicopter and

its component parts including its main driveshaft and components, the pilot's seat and components,

and equipment under or about the pilot's seat, and accompanying warnings, instructions, and

manuals, were not airworthy, not of merchantable quality, and not fit and safe for the purposes for

which they were designed, manufactured, assembled, inspected, tested, sold, serviced, repaired,

maintained, intended and used, and further were not free from all defects.

27.     The subject accident on or about May 31st, 2008, and resulting injuries were caused by

the defendants, and each of them, breach of aforementioned warranties.

28.     As a direct and proximate result of the foregoing breach of warranties by defendants MD

HELICOPTERS, L-3 COMMUNICATIONS, and KAMATICS, and each of them, plaintiffs have

suffered substantial damages, including those set forth more fully above, and in an amount not less

than fifteen million dollars ($15,000,000.00), costs, and such further relief as directed by this Court.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs GARY LINFOOT and MARI LYN LINFOOT respectfully

request a judgment against defendants MD HELICOPTERS, INC., L-3 COMMUNICATIONS,

INC., and KAMATICS CORPORATION, and each of them, in an amount not less than fifteen

million dollars ($15,000,000.00), which shall be proven at trial, for the following damages:

6

1.  Medical and other expenses;

2.  Lost wages, lost income, and loss of earning capacity;

3.  Pain and suffering;

4.  Emotional and mental anguish;

5.  Loss of enjoyment of life;

6.  Loss of consortium, and

7.  All interests, costs, and other damages and other relief that this Court may deem just under the circumstances of this case.

## JURY DEMAND

Plaintiffs respectfully demand a trial by jury.

Respectfully submitted,

Martin Sir and Associates

Martin Sir (BPR #7173)
American Center, Tower One
3100 West End Avenue, Suite 870
Nashville, TN 37203
(615) 256-5661

*Attorney for Plaintiffs*

7

## CIRCUIT COURT SUMMONS                    CLARKSVILLE, TENNESSEE

**STATE OF TENNESSEE**          ☐ **First**
**MONTGOMERY COUNTY**           ☐ **Alias**
**19TH JUDICIAL DISTRICT**      ☐ **Pluries**

Gary Linfoot and Wife,
Mari Lyn Linfoot

MC CC CV  CT 09  104)
**CIVIL ACTION**
DOCKET NO. _____

**Method of Service:**

_____  Plaintiff

vs.

☐ Montgomery County Sheriff
☐ Out of County Sheriff
☐ Secretary of State

L-3 Communications Corporation
C/o CT Corporation System
111 Eighth Avenue
New York, NY 10011

☐ Certified Mail
☐ Personal Service

_____  Defendant

To the above named Defendant:

You are summoned to appear and defend a civil action ☐ Complaint of Divorce ☐ Petition filed against you in Circuit Court, 2 Milennium Plaza, Suite 115, Clarksville, TN 37040, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy fo the Plaintiff's attorney at the address listed below. Also, you are summoned to appear at _____ _____ on the _____ day of _____, 20___, and show cause _____

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED:___5-29-09_____

**CHERYL CASTLE**
Circuit Court Clerk
Montgomery County, Tennessee

By M. Phillips
                                            Deputy Clerk

| Martin S. Sir. Esq. | 3100 West End Avenue, Suite 870, American Center, Tower One |
|---|---|
| **ATTORNEY FOR PLAINTIFF** | |
| or | Nashville, TN 37203 |

TO THE SHERIFF:
Please execute this summons and make your return hereon as provided by law.

**CHERYL CASTLE**
Circuit Court Clerk

Received this summons for service this ____ day of _____, 20___.

SHERIFF

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of _____, 20_____, I:

```
┌──────────┐
│          │     served this summons and complaint/petition on _____
└──────────┘
```

_____

_____ in the following manner:

```
┌──────────┐
│          │     failed to serve this summons within 30 days after its issuance because_____
└──────────┘
```

_____

_____
Sheriff/Process Server

### Return on Service of Summons by Mail

I hereby certify and return, that on the _____ day of _____, 20___ I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in Docket No. _____ to the defendant, _____. On the _____ day of _____ _____, 20_____, I received the return receipt for said registered or certified mail, which had been signed by _____ _____ on the _____ day of _____, 20_____. Said return receipt is attached to this original summons and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS
_____ DAY OF_____, 20_____.

_____
_____ NOTARY PUBLIC OR _____ DEPUTY CLERK
MY COMMISSION EXPIRES:_____

PLAINTIFF, PLAINTIFF'S ATTORNEY
OR OTHER PERSON AUTHORIZED
BY STATUTE TO SERVE PROCESS

### NOTICE
TO THE DEFENDANT(S):

Tennessee law provides a four thousand dollar ($4,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

ATTACH

RETURN

RECEIPT

HERE

(IF APPLICABLE)

STATE OF TENNESSEE
COUNTY OF MONTGOMERY

I, Cheryl Castle, Clerk of the Circuit Court in the State and County aforesaid do herby certify this to be a true and correct copy of the original summons issued in this case.

(To be completed only if copy certification is required.)

CHERYL CASTLE, CLERK

By:_____ D.C.

**CIRCUIT COURT SUMMONS** _____ **CLARKSVILLE, TENNESSEE** _____

|  | **STATE OF TENNESSEE** | ☐ **First** |
|--|------------------------|-------------|
|  | **MONTGOMERY COUNTY** | ☐ **Alias** |
|  | **19TH JUDICIAL DISTRICT** | ☐ **Pluries** |

Gary Linfoot and Wife,
Mari Lyn Linfoot

MC CC CV ~~CT CT~~ 104/

**CIVIL ACTION**
**DOCKET NO.** _____

**Method of Service:**

_____ **Plaintiff**

☐ Montgomery County Sheriff

VS.

☐ Out of County Sheriff

MD Helicopters, Inc.
C/o David W. Kash, Esq.
One N. Central Avenue, #1200
Phoenix, AZ 85004-4417

☐ Secretary of State

☐ Certified Mail

☐ Personal Service

_____ **Defendant**

To the above named Defendant:

You are summoned to appear and defend a civil action ☐ Complaint of Divorce ☐ Petition filed against you in Circuit Court, 2 Milennium Plaza, Suite 115, Clarksville, TN 37040, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy fo the Plaintiff's attorney at the address listed below. Also, you are summoned to appear at _____ _____ on the _____ day of _____, 20___, and show cause _____

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: 5-29-09

**CHERYL CASTLE**
Circuit Court Clerk
Montgomery County, Tennessee

By M. Phillips
Deputy Clerk

| Martin S. Sir. Esq. | 3100 West End Avenue, Suite 870, American Center, Tower One |
|---------------------|-------------------------------------------------------------|
| **ATTORNEY FOR PLAINTIFF** | Nashville, TN 37203 |
| or | |

**TO THE SHERIFF:**
Please execute this summons and make your return hereon as provided by law.

**CHERYL CASTLE**
Circuit Court Clerk

Received this summons for service this _____ day of _____, 20___.

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of _____, 20_____, I:

[  ]    served this summons and complaint/petition on _____

_____

_____ in the following manner: 

_____

[  ]    failed to serve this summons within 30 days after its issuance because_____

_____

_____

Sheriff/Process Server

## Return on Service of Summons by Mail

I hereby certify and return, that on the _____ day of _____, 20___ I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in Docket No. _____ to the defendant, _____. On the _____ day of _____, 20____, I received the return receipt for said registered or certified mail, which had been signed by _____ _____ on the _____ day of _____, 20____. Said return receipt is attached to this original summons and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS           PLAINTIFF, PLAINTIFF'S ATTORNEY
_____ DAY OF_____, 20____.          OR OTHER PERSON AUTHORIZED
                                                       BY STATUTE TO SERVE PROCESS

_____ NOTARY PUBLIC OR _____ DEPUTY CLERK
MY COMMISSION EXPIRES:_____

_____**NOTICE**_____
TO THE DEFENDANT(S):

Tennessee law provides a four thousand dollar ($4,000.00) debtor's equity
interest personal property exemption from execution or seizure to satisfy a
judgment. If a judgment should be entered against you in this action and          **ATTACH**
you wish to claim property as exempt, you must file a written list, under oath,
of the items you wish to claim as exempt with the clerk of the court. The list    **RETURN**
may be filed at any time and may be changed by you thereafter as necessary;
however, unless it is filed before the judgment becomes final, it will not be     **RECEIPT**
effective as to any execution or garnishment issued prior to the filing of the
list. Certain items are automatically exempt by law and do not need to be          **HERE**
listed; these include items of necessary wearing apparel (clothing) for
yourself and your family and trunks or other receptacles necessary to contain    (IF APPLICABLE)
such apparel, family portraits, the family Bible, and school books. Should any
of these items be seized, you would have the right to recover them. If you do
not understand your exemption right or how to exercise it, you may wish to seek
the counsel of a lawyer.

STATE OF TENNESSEE              I, Cheryl Castle, Clerk of the Circuit Court in the State and County aforesaid
COUNTY OF MONTGOMERY           do herby certify this to be a true and correct copy of the original summons
                               issued in this case.

(To be completed only if                        CHERYL CASTLE, CLERK
copy certification required.)

By:_____ D.C.

**CIRCUIT COURT SUMMONS**                                    **CLARKSVILLE, TENNESSEE**

|                                    | **STATE OF TENNESSEE**      ☐ **First**         |
|                                    | **MONTGOMERY COUNTY**      ☐ **Alias**          |
|                                    | **19TH JUDICIAL DISTRICT**  ☐ **Pluries**       |

MC CC CV CT 09 104

Gary Linfoot and Wife,
Mari Lyn Linfoot

**CIVIL ACTION**
**DOCKET NO. _____**

**Method of Service:**

Plaintiff

vs.

Kamatics Corporation
C/o Kaman Corporation
Blue Hills Avenue
Bloomfield, CT 06002

☐ Montgomery County Sheriff
☐ Out of County Sheriff
☐ Secretary of State

☐ Certified Mail
☐ Personal Service

Defendant

To the above named Defendant:

You are summoned to appear and defend a civil action ☐ Complaint of Divorce ☐ Petition filed against you in Circuit Court, 2 Millennium Plaza, Suite 115, Clarksville, TN 37040, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy fo the Plaintiff's attorney at the address listed below. Also, you are summoned to appear at _____ _____ on the _____ day of _____, 20___, and show cause _____

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: __5-29-09__

**CHERYL CASTLE**
Circuit Court Clerk
Montgomery County, Tennessee

By M Philips
Deputy Clerk

| Martin S. Sir. Esq. |                                                              |
|---------------------|--------------------------------------------------------------|
| ATTORNEY FOR PLAINTIFF | 3100 West End Avenue, Suite 870, American Center, Tower One |
| or                  | Nashville, TN 37203                                          |

**TO THE SHERIFF:**
   Please execute this summons and make your return hereon as provided by law.

**CHERYL CASTLE**
Circuit Court Clerk

Received this summons for service this ____ day of _____, 20___.

SHERIFF

I hereby certify and return that on the _____ day of _____, 20_____, I:

served this summons and complaint/petition on _____

_____ in the following manner:

failed to serve this summons within 30 days after its issuance because_____

_____
Sheriff/Process Server

## Return on Service of Summons by Mail

I hereby certify and return, that on the _____ day of _____, 20___ I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in Docket No. _____ to the defendant, _____. On the _____ day of _____, 20___, I received the return receipt for said registered or certified mail, which had been signed by _____ _____ on the _____ day of _____, 20___. Said return receipt is attached to this original summons and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS
_____ DAY OF_____, 20____.

_____ NOTARY PUBLIC OR _____ DEPUTY CLERK
MY COMMISSION EXPIRES:_____

PLAINTIFF, PLAINTIFF'S ATTORNEY
OR OTHER PERSON AUTHORIZED
BY STATUTE TO SERVE PROCESS

## NOTICE

TO THE DEFENDANT(S):

Tennessee law provides a four thousand dollar ($4,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

**ATTACH**

**RETURN**

**RECEIPT**

**HERE**

(IF APPLICABLE)

STATE OF TENNESSEE
COUNTY OF MONTGOMERY

I, Cheryl Castle, Clerk of the Circuit Court in the State and County aforesaid do herby certify this to be a true and correct copy of the original summons issued in this case.

(To be completed only if
copy certification required)

CHERYL CASTLE, CLERK

By:_____ D.C.

# LAW OFFICE OF MARTIN SIR

American Center, Tower One
3100 WEST END AVENUE, STE. 870 NASHVILLE, TN 37203
PHONE: (615) 256-5661  FAX: (615) 277-2529
EMAIL: SIRMARTINLAW@AOL.COM
WWW.MARTINSIRLAW.COM

MARTIN S. SIR*, ATTORNEY AT LAW
*ALSO ADMITTED TO THE U.S. COURT OF FEDERAL CLAIMS

JOHN AGEE, MANAGING PARALEGAL

June 11, 2009

**VIA REGULAR MAIL**

Cheryl J. Castle, Court Clerk
Montgomery County Circuit Court
Two Millennium Plaza, Suite 115
Clarksville, TN 37041-0368

> **RE:  GARY LINFOOT AND WIFE, MARI LYN LINFOOT V. MD HELICOPTERS, INC., L-3 COMMUNICATIONS CORPORATION, AND KAMATICS CORPORATION DOCKET NO. MC CC CV CT 09 1041 JURY DEMAND**

Dear Ms. Castle:

Please file the enclosed *Amended Complaint* and return to the office a file-stamped copy in the enclosed self-addressed envelope.

If you have any questions about this, please let me know.

Thank you for your attention to this matter.

Sincerely,

Sara Nau,
Legal Assistant to
Martin Sir

cc: client, file

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, TENNESSEE
## FOR THE NINETEENTH JUDICIAL DISTRICT AT CLARKSVILLE, TENNESSEE

GARY LINFOOT and wife,　　　　　)
MARI LYN LINFOOT,　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　Plaintiffs,　　　　　　　　)
　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　) 　Docket No. MC CC CV CT 09 1041
　　　　　　　　　　　　　　　　　) 　**Jury Demand**
MD HELICOPTERS, INC.,　　　　　 )
L-3 COMMUNICATIONS CORPORATION, )
and KAMATICS CORPORATION,　　　 )
　　　　　　　　　　　　　　　　　)
　　　　Defendants.　　　　　　　 )

### AMENDED COMPLAINT

**COME NOW** the Plaintiffs and for cause of action against the Defendants state the following:

### PARTIES

1.　　The Plaintiffs are husband and wife and are residents and citizens of Clarksville, Tennessee, and were so at all material times herein.

2.　　At all times material herein, Defendant MD HELICOPTERS, INC. ("MD HELICOPTERS"), was an Arizona corporation with its principal place of business in the State of Arizona.

3.　　At all times material herein, Defendant L-3 COMMUNICATIONS CORPORATION ("L-3 COMMUNICATIONS") was a Delaware corporation with its principal place of business in the State of New York.

4.　　At all times material herein, Defendant KAMATICS CORPORATION ("KAMATICS") was a Connecticut corporation with its principal place of business in the State of Connecticut.

### JURISDICTION

1

5. The Jurisdiction of this Court is invoked pursuant to Tennessee Code Annotated §§ 16-10-101 and 20-2-214.

## FACTUAL BACKGROUND

6. On or about May 31st, 2008, plaintiff GARY LINFOOT was a United States Army soldier, holding the rank of CW4, assigned to Ft. Campbell, Tennessee where he was a member of the 160th Special Operations Aviation Regiment (SOAR) unit and was deployed in Iraq, acting as pilot in command of an AH-6M helicopter, US Army tail number 23649 ("subject helicopter").

7. On or about May 31st, 2008, at approximately 11:57 p.m. Arabic Standard Time (Baghdad, Iraq local time), plaintiff GARY LINFOOT was piloting the subject helicopter on a mission south of Baghdad, when the subject helicopter's main driveshaft failed which caused a instantaneous and complete loss of drive to the helicopter's rotors to descend crash into the ground in the vicinity of Baghdad ("subject accident").

8. Defendants, and each of them, were engaged in the business of manufacturing, designing, assembling, inspecting, distributing, selling, leasing, servicing, maintaining, modifying, and/or repairing the subject helicopter including, but not limited to, the main driveshaft and its component parts, pilot seat and its component parts, and equipment under or about the pilot's seat.

9. Modifications to CW4 Linfoot's seat and the addition of avionics equipment under the seat by defendant L-3 COMMUNICATIONS compromised the crash worthiness of the helicopter and caused GARY LINFOOT to suffer worse injuries than he would have suffered otherwise.

10. Defendants, and each of them, were engaged in the business of writing and/or approving instructions and warnings for the subject helicopter, its associated main driveshaft and components, its associated pilot's seat and components, and its associated equipment on or about the pilot's seat, including, but not limited to, their flight and operation manuals, maintenance manuals, maintenance and repair instructions, service bulletins, inspection schedules and service life schedules.

2

11.     Plaintiff GARY LINFOOT has suffered and continues to suffer severe and permanent

bodily and emotional injuries and damages, including pain, suffering, fright, fear of impending death,

loss of the enjoyment of life, medical expenses, loss of earning capacity and other damages.

12.     Plaintiff MARILYN LINFOOT has been deprived of the services, society, advice,

counsel, comfort, companionship, and consortium of her husband, GARY LINFOOT as a result of the

bodily and emotional injuries he sustained in the subject accident.

### COUNT I – NEGLIENCE

13.     Plaintiffs restate the allegations of paragraphs 1 through 12 above.

14.     At all times material hereto, defendants MD HELICOPTERS, L-3

COMMUNICATIONS, and KAMATICS, and each of them, owed plaintiffs a duty to exercise

reasonable care in the design, manufacture, assembly, inspection, testing, distribution, sale, servicing,

maintenance, modification, overhaul and repair of the subject helicopter and its component parts,

including its main driveshaft and components, the pilot's seat and component parts, and equipment

under or about the pilot's seat.

15.     Defendants, and each of them, breached their duties to exercise reasonable care and the

subject crash and resulting injuries were caused by defendants' negligence, including negligence by

its officers, agents, employees and servants, of defendants, and each of them, in that they negligently

manufactured, designed, assembled, inspected, tested, distributed, sold, serviced, maintained,

modified, overhauled and repaired the subject helicopter and its component parts, including its main

driveshaft and components, the pilot's seat and component parts, and equipment on or about the

pilot's seat, and negligently developed operating, training, maintenance materials and/or procedures

for the subject helicopter and its component parts, , including its main driveshaft and components, the

pilot's seat and component parts, and equipment under or about the pilot's seat.

16.     The loss of power leading to the subject accident was caused by defendants' negligence

in designing, developing, manufacturing, assembling, testing, servicing, inspecting, maintaining,

3

overhauling, repairing, renovating, modifying and/or remanufacturing the subject helicopter, including its main driveshaft and components, the pilot's seat and component parts, and equipment under or about the pilot's seat.

17.     As a direct and proximate result of the foregoing negligence of defendants MD HELICOPTERS, L-3 COMMUNICATIONS, and KAMATICS, and each of them, plaintiffs have suffered substantial damages, including those set forth more fully above, and in an amount not less than fifteen million dollars ($15,000,000.00) costs and such further relief as directed by this Court.

## COUNT II – VIOLATION OF TENNESSEE PRODUCTS LIABILITY ACT

18.     Plaintiffs restate the allegations of paragraphs 1 through 17 above.

19.     On or about May 31st, 2008, the subject helicopter and its component parts including its main driveshaft and components, the pilot's seat and components, and equipment under or about the pilot's seat were being operated and used for the purpose and in the manner for which they were designed, manufactured, assembled, tested, serviced, distributed and sold and intended to be used in a manner foreseeable to defendants MD HELICOPTERS, L-3 COMMUNICATIONS, and KAMATICS, and each of them.

20.     On or about May 31st, 2008, the subject helicopter and its component parts including its main driveshaft and components, the pilot's seat and components, and equipment under or about the pilot's seat, including accompanying written manuals, procedures, instructions and warnings, were defective, unreasonably dangerous, and unsafe by reason of defective design, manufacturing assembly, inspection, testing, sale, service, repair, overhaul and maintenance of the subject helicopter and its component parts including its main driveshaft and its components, the pilot's seat and components, and equipment under or about the pilot's seat, including its accompanying written manuals, procedures, instructions and warnings.

21.     On or about May 31st, 2008, defendants, and each of them, were required to design, manufacture, construct, prepare, assemble, test, service, warn, instruct, market, label, and/or sell the

4

subject helicopter and its component parts including its main driveshaft and components, the pilot's seat and component parts, and equipment under or about the pilot's seat, so pilots could safely operate the helicopter in all foreseeable phases of flight; however the subject helicopter and its component parts including its main driveshaft and components, the pilot's seat and component parts, and equipment under or about the pilot's seat, were not adequately designed, manufactured, constructed, prepared, assembled, tested, serviced, marketed, labeled, or contained the necessary warnings and/or instructions so as to prevent a total loss of power to the main driveshaft, prevent catastrophic damage to the main driveshaft coupling(s), prevent the full crashworthiness ability of the pilot seat, and/or prevent the safe, foreseeable operation of the subject helicopter, thus causing the subject helicopter to be unsafe, defective, and unreasonably dangerous.

22.    The subject crash on or about May 31st, 2008 and resulting injuries, were caused by the aforementioned defective, unreasonably dangerous, and unsafe conditions of the subject helicopter and its component parts including its main driveshaft and components, the pilot's seat and components, and equipment under or about the pilot's seat, and accompanying warnings, instructions, and manuals.

23.    As a direct and proximate result of the foregoing defective, unreasonably dangerous and unsafe conditions of the subject helicopter and its component parts including its main driveshaft and components, the pilot's seat and components, and equipment under or about the pilot's seat, and accompanying warnings, instructions, and manuals, defendants MD HELICOPTERS, L-3 COMMUNICATIONS, and KAMATICS, and each of them, caused plaintiffs to suffer substantial damages, including those set forth more fully above, and in an amount not less than fifteen million dollars ($15,000,000.00) costs, and such further relief as directed by this Court.

## COUNT III – BREACH OF WARRANTY

24.    Plaintiffs restate the allegations of paragraphs 1 through 23 above.

25.     Prior to the subject accident on or about May 31st, 2008, defendants MD HELICOPTERS, L-3 COMMUNICATIONS, and KAMATICS, and each of them, warranted and represented that the subject helicopter and its component parts including its main driveshaft and components, the pilot's seat and component parts, and equipment under or about the pilot's seat, and accompanying warnings, instructions, and manuals, were airworthy, of merchantable quality, fit and safe for the purposes for which they were designed, manufactured, assembled, sold, installed, tested, maintained, and repaired, and were free from all defects.

26.     Defendants, and each of them, breached said warranties in that the subject helicopter and its component parts including its main driveshaft and components, the pilot's seat and components, and equipment under or about the pilot's seat, and accompanying warnings, instructions, and manuals, were not airworthy, not of merchantable quality, and not fit and safe for the purposes for which they were designed, manufactured, assembled, inspected, tested, sold, serviced, repaired, maintained, intended and used, and further were not free from all defects.

27.     The subject accident on or about May 31st, 2008, and resulting injuries were caused by the defendants, and each of them, breach of aforementioned warranties.

28.     As a direct and proximate result of the foregoing breach of warranties by defendants MD HELICOPTERS, L-3 COMMUNICATIONS, and KAMATICS, and each of them, plaintiffs have suffered substantial damages, including those set forth more fully above, and in an amount not less than fifteen million dollars ($15,000,000.00), costs, and such further relief as directed by this Court.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiffs GARY LINFOOT and MARI LYN LINFOOT respectfully request a judgment against defendants MD HELICOPTERS, INC., L-3 COMMUNICATIONS, INC., and KAMATICS CORPORATION, and each of them, in an amount not less than fifteen million dollars ($15,000,000.00), which shall be proven at trial, for the following damages:

6

1. Medical and other expenses;

2. Lost wages, lost income, and loss of earning capacity;

3. Pain and suffering;

4. Emotional and mental anguish;

5. Loss of enjoyment of life;

6. Loss of consortium, and

7. All interests, costs, and other damages and other relief that this Court may deem just under the circumstances of this case.

## JURY DEMAND

Plaintiffs respectfully demand a trial by jury.

Respectfully submitted,

Martin Sir and Associates

Martin Sir (BPR #7173)
American Center, Tower One
3100 West End Avenue, Suite 870
Nashville, TN 37203
(615) 256-5661

*Attorney for Plaintiffs*

7

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

L-3 Communications Corp.
c/o C T Corporation System
111 Eighth Ave
New York, NY 10011

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X          Certified Mail          ☐ Agent
           Received                ☐ Addressee

B. Received by ( Printed Name)     C. Date of Delivery
   JUN 23 2009

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

   CT, a Wolters Kluwer Business

3. Service Type
   ☒ Certified Mail       ☐ Express Mail
   ☐ Registered           ☒ Return Receipt for Merchandise
   ☐ Insured Mail         ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)              ☒ Yes

2. Article Number
   (Transfer           7006 2760 0000 6704 2656

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Law Office of Mahn Sin
3100 West End Ave, Suite 870
Nashville, TN 37203

re: Lmboot, Gary

# CIRCUIT COURT SUMMONS

**CLARKSVILLE, TENNESSEE**

**STATE OF TENNESSEE**       ☐ **First**
**MONTGOMERY COUNTY**       ☐ **Alias**
**19TH JUDICIAL DISTRICT**       ☐ **Pluries**

MC CC CV ~~CT 09 104~~

Gary Linfoot and Wife,
Mari Lyn Linfoot

**CIVIL ACTION**
**DOCKET NO.** _____

**Method of Service:**

_____

_____

Plaintiff

vs.

☐ Montgomery County Sheriff
☐ Out of County Sheriff
☐ Secretary of State

L-3 Communications Corporation
C/o CT Corporation System
111 Eighth Avenue
New York, NY 10011

☐ Certified Mail
☐ Personal Service

_____

Defendant

To the above named Defendant:

You are summoned to appear and defend a civil action ☐ Complaint of Divorce ☐ Petition filed against you in Circuit Court, 2 Millennium Plaza, Suite 115, Clarksville, TN 37040, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy fo the Plaintiff's attorney at the address listed below. Also, you are summoned to appear at _____ _____ on the _____ day of _____, 20___, and show cause _____

_____

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: _____5-29-09_____

**CHERYL CASTLE**
Circuit Court Clerk
Montgomery County, Tennessee

By _M. Phillips_
Deputy Clerk

| Martin S. Sir. Esq. | |
|---|---|
| **ATTORNEY FOR PLAINTIFF** | 3100 West End Avenue, Suite 870, American Center, Tower One |
| or | Nashville, TN 37203 |

## TO THE SHERIFF:

Please execute this summons and make your return hereon as provided by law.

**CHERYL CASTLE**
Circuit Court Clerk

Received this summons for service this ____ day of _____, 20___.

SHERIFF

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of _____, 20_____, I:

|      |
|------|

served this summons and complaint/petition on _____

_____

_____ in the following manner:

_____

|      |
|------|

failed to serve this summons within 30 days after its issuance because_____

_____

_____
Sheriff/Process Server

### Return on Service of Summons by Mail

I hereby certify and return, that on the 17 day of _____ June _____, 2009 I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in Docket No. C109107 to the defendant, L-3 Communications Coll. On the 25 day of JUNE _____, 2009, I received the return receipt for said registered or certified mail, which had been signed by _____ CT Corp Systems on the 23 day of JUNE _____, 2009 Said return receipt is attached to this original summons and both documents are being sent herewith to the Circuit Court Clerk for filing.

_____
PLAINTIFF, PLAINTIFF'S ATTORNEY
OR OTHER PERSON AUTHORIZED
BY STATUTE TO SERVE PROCESS

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS _____ TENNESSEE _____, 2009.

X_____
NOTARY PUBLIC OR        DEPUTY CLERK
MY COMMISSION EXPIRES: 11-23-09

*(notary seal: JOHN ... AGEE ... STATE ... TENNESSEE ... NOTARY ... PUBLIC ...)*

*(handwritten: AMENDED COMPLAINT)*

### NOTICE

TO THE DEFENDANT(S):

Tennessee law provides a four thousand dollar ($4,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

**ATTACH**

**RETURN**

**RECEIPT**

**HERE**

**(IF APPLICABLE)**

STATE OF TENNESSEE
COUNTY OF MONTGOMERY

I, Cheryl Castle, Clerk of the Circuit Court in the State and County aforesaid do herby certify this to be a true and correct copy of the original summons issued in this case.

(To be completed only if copy certification required.)

CHERYL CASTLE, CLERK

By:_____ D.C.

# LAW OFFICE OF MARTIN SIR

## American Center, Tower One
3100 West End Avenue, Ste. 870 Nashville, TN 37203
Phone: (615) 256-5661 Fax: (615) 277-2529
email: sirmartinlaw@aol.com
www.martinsirlaw.com

Martin S. Sir*, Attorney at Law
*also admitted to the U.S. Court of Federal Claims

John Agee, Managing Paralegal

June 29, 2009

Cheryl Castle
Circuit Court Clerk
Two Millennium Plaza, Suite 115
Clarksville, TN 37041-0368

**ENCLOSURE:**

*(1) Circuit Court Summons sent to L-3 Communications Corporation*

### RE: Gary Lindfoot and Wife, Mari Lyn Linfoot vs. L-3 Communications Corporation

Dear Ms. Castle:

Please find the enclosed summons in the above-referenced case that was sent to L-3 Communications Corporation on the 19th day of June 2009 and received by said Corporation on the 23rd day of June 2009 as evidenced by the Return Receipt attached. Please return to my office a stamped filed copy in the enclosed, self-addressed stamped envelope.

Sincerely,

Martin Sir

cc:     file

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Kaman's Corporation
c/o Kaman Corporation
Blue Hills Ave
Bloomfield, CT 06002

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____ ☐ Agent
                        ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered    ☒ Return Receipt for Merchandise
   ☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☒ Yes

2. Article Number
   (Transfer from service label)

   7006 2760 0000 6704 2670

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540



UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Law Office of Martin Sir
3100 West End Ave, Suite 870
Nashville, TN 37203

re: Lafoot, Gary

## CIRCUIT COURT SUMMONS

## CLARKSVILLE, TENNESSEE

**STATE OF TENNESSEE**            ☐ **First**

**MONTGOMERY COUNTY**            ☐ **Alias**

**19ᵀᴴ JUDICIAL DISTRICT**        ☐ **Pluries**

MC CC CV CT 09 104

Gary Linfoot and Wife,
Mari Lyn Linfoot

**CIVIL ACTION
DOCKET NO.** _____

**Method of Service:**

| | |
|---|---|
| **Plaintiff** | ☐ Montgomery County Sheriff |

vs.

☐ Out of County Sheriff

☐ Secretary of State

Kamatics Corporation
C/o Kaman Corporation
Blue Hills Avenue
Bloomfield, CT 06002

☐ Certified Mail

☐ Personal Service

FILED
7-2 20 07 A.M./P.M.
CHERYL J. CASTLE, CLERK
CIRCUIT COURT CLERK
D.C.
BY:

**Defendant**

To the above named Defendant:

You are summoned to appear and defend a civil action ☐ Complaint of Divorce ☐ Petition filed against you in Circuit Court, 2 Millennium Plaza, Suite 115, Clarksville, TN 37040, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy fo the Plaintiff's attorney at the address listed below. Also, you are summoned to appear at _____ _____ on the _____ day of _____, 20___, and show cause _____

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: 5-29-09

**CHERYL CASTLE**
Circuit Court Clerk
Montgomery County, Tennessee

By M. Phillips

Deputy Clerk

| Martin S. Sir. Esq. | |
|---|---|
| **ATTORNEY FOR PLAINTIFF** | 3100 West End Avenue, Suite 870, American Center, Tower One |
| or | Nashville, TN 37203 |

## TO THE SHERIFF:

Please execute this summons and make your return hereon as provided by law.

**CHERYL CASTLE**
Circuit Court Clerk

Received this summons for service this ____ day of _____, 20___.

Case 3:09-cv-00639   Document 1-2   Filed 07/10/09   Page 29 of 32 PageID #: 37

**SHERIFF**

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of _____, 20_____, I:

☐      served this summons and complaint/petition on _____

_____

_____ in the following manner:

_____

☐      failed to serve this summons within 30 days after its issuance because_____

_____

_____
Sheriff/Process Server

### Return on Service of Summons by Mail

↑ AMENDED
A COMPLAINT

I hereby certify and return, that on the ⊔ day of ⊔⊍ N E , 20⊍9 I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in Docket No. _____ to the defendant, KAMATICS CORP . On the ⊔⊔ day of ⊔⊍NE 20⊍9 , I received the return receipt for said registered or certified mail, which had been signed by _____ ⊔.⊍. Murphy for Kamatics on the ⊔⊔ day of ⊍⊍NE , 20⊍9 . Said return receipt is attached to this original summons and both documents are being sent herewith to the Circuit Court Clerk for filing.

_____

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS
_____ DAY OF ⊔⊔⊔⊔ , 20⊍9 .

_____
NOTARY PUBLIC OR _____ DEPUTY CLERK
MY COMMISSION EXPIRES: 11-22-09

PLAINTIFF, PLAINTIFF'S ATTORNEY
OR OTHER PERSON AUTHORIZED
BY STATUTE TO SERVE PROCESS

### NOTICE

TO THE DEFENDANT(S):

Tennessee law provides a four thousand dollar ($4,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

ATTACH

RETURN

RECEIPT

HERE

(IF APPLICABLE)

STATE OF TENNESSEE
COUNTY OF MONTGOMERY

I, Cheryl Castle, Clerk of the Circuit Court in the State and County aforesaid do herby certify this to be a true and correct copy of the original summons issued in this case.

(To be completed only if
copy certification is required)

CHERYL CASTLE, CLERK

By:_____ D.C.

# LAW OFFICE OF MARTIN SIR

**American Center, Tower One**
3100 West End Avenue, Ste. 870 Nashville, TN 37203
Phone: (615) 256-5661  Fax: (615) 277-2529
email: sirmartinlaw@aol.com
www.martinsirlaw.com

Martin S. Sir*, Attorney at Law
*also admitted to the U.S. Court of Federal Claims

John Agee, Managing Paralegal

June 29, 2009

Cheryl Castle
Circuit Court Clerk
Two Millennium Plaza, Suite 115
Clarksville, TN 37041-0368

**ENCLOSURE:**

*(1) Circuit Court Summons sent to Kamatics Corporation*

### RE: Gary Lindfoot and Wife, Mari Lyn Linfoot vs. Kamatics Corporation

Dear Ms. Castle:

Please find the enclosed summons in the above-referenced case that was sent to Kamatics Corporation on the 19th day of June 2009 and received by said Corporation on the 23rd day of June 2009 as evidenced by the Return Receipt attached. Please return to my office a stamped filed copy in the enclosed, self-addressed stamped envelope.

Sincerely,

Martin Sir

cc:   file

| Circuit Court<br>Montgomery County<br>Clarksville Tennessee | **SUBPOENA** | Case Number<br>DV 09-0215 |
| --- | --- | --- |

_Julie Kay Greene_ vs. _Brian Wesley Greene_

**To Any Lawful Officer of Said County:**

Under penalty prescribed by law, you are commanded to summon (name, address & phone number):

_Patricia Benton   PRIVATE PROCESS_
_825 Brooke Valley Trace_
_Clarksville   TN 37040_

_at Office of Deborah Evans, 136 Franklin St., Ste. 300, Clarksville TN_
to appear personally ~~before the Circuit Court of Montgomery County, at the Courts Center 4th floor~~, in Clarksville, Tennessee, on _July 15_, 20 09 at _9:00_ (a.m)/p.m. to give evidence for the Plaintiff/Defendant:
_Brian Wesley Greene_

and bring the following:

**_Duces Tecum:_**

Issued: _____

Clerk / Deputy Clerk

SUBPOENA REQUESTED BY: _Kevin C. Kennedy_, ATTORNEY/PLAINTIFF/DEFENDANT
TELEPHONE NUMBER: _931-645-9900_

---

**OFFICER'S RETURN:** Came hand this date and executed by:
  ☐ Delivering the within subpoena to the witness named herein _____

  ☐ Unable to serve because _____

Date:_____   By: _____
Officer, Title

---

**ATTORNEY'S RETURN OF SERVICE:**

Attorney's Name, Address and Telephone Number

_Kevin C. Kennedy_
_127 S. 3rd St._
_Clarksville TN 37040   931-645-9900_

Designee's Name, Address and Telephone Number
_____
_____
_____

I certify that on the date indicated below I served a copy of this subpoena on the witness _____,
by _____ .

Date: _____

**RECEIVED**

JUL 0 2 2009

Signature of Attorney/Designee